IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDILBERTO CORONEL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CLEAR WASH INC. d/b/a WINDY | ) |
| CITY CAR WASH, CLEAR RINSE, | ) |
| INC. and SEAN FEARON, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Edilberto Coronel, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Clear Wash, Inc. d/b/a Windy City Car Wash, Clear Rinse, Inc. and Sean Fearon, individually (herein "Defendants"), state as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff wages and overtime wages for all hours worked over 40 in an individual workweek. (A copy of Plaintiff's consent form to act as representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Edilberto Coronel resides and is domiciled in this judicial district.

5. Plaintiff Edilberto Coronel is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Edilberto Coronel handled goods that moved in interstate commerce and performed non-exempt work.

6. Defendant Clear Wash, Inc. d/b/a Windy City Car Wash and Clear Rinse, Inc. (collectively "Windy City") are Illinois corporations doing business within this judicial district. Defendant Windy City is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Upon information and belief, Defendant Windy City has annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

8. Defendant Windy City was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9. Defendant Sean Fearon is the President of Windy City.

10. Defendant Sean Fearon is involved in the day-to-day business operations of Windy City. Among other things, Defendant Sean Fearon has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

11. Defendant Sean Fearon was Plaintiff's employer as that term is defined by the

FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

12. Upon information and belief, Defendant Sean Fearon resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

13. Defendants own and operate a car wash doing business as Windy City Car Wash located at 2524 W. North Avenue, Chicago, Illinois.

14. Plaintiff performed a variety of tasks for Defendants' including washing, vacuuming, detailing, and waxing client vehicles.

15. Plaintiff and similarly situated individuals were paid a sub-minimum hourly wage under the tip-credit provisions of the FLSA and IMWL.

16. Defendants failed to pay Plaintiffs and similarly situated employees overtime wages at a rate of one and one-half times their regular hourly rate.

17. Plaintiff and similarly situated employees were paid weekly.

18. Plaintiff and similarly situated employees were paid in cash.

19. Defendants, through their agent, had a practice of placing the cash wages in white envelopes with the employees' name on the front and the number in front and the wages paid on the back.

20. Attached as Exhibit B is an example of the pay envelopes given to Plaintiff. On the front of the envelope Plaintiff's last name "Coronel" is written and the back of the envelope it states "52 $416."

21. Plaintiff worked for Defendants in the three years prior to the filing of this suit.

22. Defendants had a policy and practice of deducting 2 hours from Plaintiff's pay for a lunch break whether he took the break or not. Often there was no time to take an uninterrupted

lunch break.

23. Other similarly situated employees were also deducted wages for a lunch break that they often did not take.

## COUNT I

### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on behalf of himself and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

24. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiffs.

25. Plaintiffs and similarly situated individuals worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

26. Defendants were Plaintiff's and the similarly situated "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. During the course of their employment by Defendants, Plaintiff and similarly situated were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Plaintiff and similarly situated were directed by Defendants to work, and did work, in excess of 40 hours per week.

29. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and similarly situated worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

30. Defendants did not compensate Plaintiff and similarly situated at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in

individual workweeks.

31. Defendants' failure to pay Plaintiff and similarly situated overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them overtime wages for work performed in excess of 40 hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a collective action under the FLSA;

B. A judgment in the amount of one and one-half times for all time Plaintiffs and similarly situated worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorney fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

35. The matters set forth in this Count arise from Defendants' violation of the overtime

compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

36. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendant's "employee(s)" within the meaning of that Act.

37. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

38. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

39. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

40. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

41. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

    A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiffs' regular rate for all time which Plaintiffs worked in excess of 40 hours per week;

    B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

42. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff wages for all time worked.

43. Plaintiff was entitled to be paid his hourly wage for all time worked.

44. Defendants' failure to pay the wages for all time worked violated the minimum wage hour provisions of the IMWL.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiff on behalf of himself and on behalf of similarly situated employees)

Plaintiff hereby incorporates and realleges paragraphs 1 through 45 as though set forth herein.

46. This Count arises from Defendants' violation of the FLSA for their failure to pay

the Plaintiff and similarly situated individuals their wages for all time worked.

47. During the course of Plaintiff's employment with Defendants, Defendants required Plaintiff and similarly situated to work throughout their shift with no uninterrupted meal break.

48. Defendants' then violated the minimum wage hour provisions of the FLSA by deducting a meal break when none was taken.

49. Defendants willfully violated the FLSA by refusing to pay Plaintiff the federally mandated minimum wages for all hours he worked.

50. Plaintiffs and similarly situated individuals are entitled to recover unpaid wages for three years prior to the filing of this suit because of Defendants' failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a collective action under the FLSA;

B. A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked;

C. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 1, 2018  **EDILBERTO CORONEL**

By: /s/Carlos G. Becerra
Attorney for Plaintiffs

CARLOS G. BECERRA (ARDC #6285722)

8

Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com